14-283
Positano v. Zimmer

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand fourteen.

PRESENT: DENNIS JACOBS,
         GUIDO CALABRESI,
         CHRISTOPHER F. DRONEY,
                    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X
JOHN POSITANO,
         <u>Plaintiff-Appellant</u>,

         -v.-                                    14-283

TODD ZIMMER, TODD ZIMMER AND
ASSOCIATES, MARGARET GADE, LIZ SMITH,
         <u>Defendants-Appellees</u>.[*]
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          JOHN POSITANO, Farmingville, New
                        York, <u>pro se</u>.

---

[*]The Clerk of Court is directed to amend the caption as above.

1

**FOR APPELLEES:**                    No appearance.

    Appeal from a judgment of the United States District Court for the Eastern District of New York (Spatt, <u>J.</u>).

    **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

    In this suit under Title II of the Americans with Disabilities Act ("ADA"), and the analog in the Rehabilitation Act, John Positano appeals from the judgment of the United States District Court for the Eastern District of New York (Spatt, <u>J.</u>), granting judgment on the pleadings in favor of defendants-appellees Todd Zimmer (his ex-wife's divorce lawyer), Todd Zimmer and Associates (collectively, "Zimmer"), and Margaret Gade (his ex-wife's friend).  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

    We review <u>de novo</u> a district court's decision to grant judgment on the pleadings.  <u>LaFaro v. N.Y. Cardiothoracic Grp., PLLC</u>, 570 F.3d 471, 475 (2d Cir. 2009).

    Title II of the ADA applies to "the services, programs, or activities of a public entity."  42 U.S.C. § 12132. Section 504 of the Rehabilitation Act of 1973 applies to "any program or activity receiving Federal financial assistance."  29 U.S.C. § 794(a).  The district court determined that Positano's suit under ADA Title II and the Rehabilitation Act[1] had not plausibly alleged that defendants Zimmer and Gade were public actors, that they acted under color of law, or that they received federal funding.  Accordingly, the district court concluded that Zimmer and Gade were not amenable to suit under these statutes.  On our review of the pleadings, we agree for substantially the same reasons as stated by the district court.  On appeal, Positano has shown no error in these conclusions.

---

    [1]Positano's arguments on appeal reference Title V of the ADA; but Positano (a lawyer) cited only Title II in his complaint.  <u>Cf.</u> <u>Tracy v. Freshwater</u>, 623 F.3d 90, 102 (2d Cir. 2010) (noting that the usual solicitude afforded to <u>pro se</u> litigants does not apply to a lawyer representing himself).

For the foregoing reasons, and finding no merit in Positano's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK